IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


JOSE LUIS MAXIMO-MENDEZ            §
                                   §
v.                                 §            2:14-CV-140
                                   §
UNITED STATES GOVERNMENT           §


**REPORT AND RECOMMENDATION
TO DISMISS MOTION UNDER 28 U.S.C. § 2255 TO CORRECT SENTENCE**

Came for consideration the Motion Under 28 U.S.C. § 2255 to Correct Sentence filed by

petitioner JOSE LUIS MAXIMO-MENDEZ on June 9, 2014.  For the reasons set forth below,

petitioner's motion fails to state a claim for which relief can be granted and should be DISMISSED.


I.
DISCUSSION

On December 18, 2013, defendant was convicted, pursuant to a guilty plea, of the offense of

Illegal Re-entry after Deportation in violation of 8 U.S.C. § 1326(a) and (b)(1).  On March 18, 2014,

defendant was sentenced to an 87-month term of imprisonment in the United States Bureau of

Prisons.  Defendant did not appeal his conviction and sentence.

On June 9, 2014, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody.  In his motion to vacate, petitioner

presents one ground, to wit:  "I would like to apply for Citizenship in the United States."  As

supporting facts defendant states:

> I have only just learned about Federal Law that allows me to apply for citizenship in
> the United States of America.  I wish to apply at this time.  If accepted, I would need
> a Corrected Sentence.

Other than expressing that he intends to apply for citizenship, petitioner did not allege any constitutional deficiencies with his conviction or sentence.

On June 11, 2014, the Court entered an Order advising petitioner that his motion failed to state a claim upon which section 2255 relief could be granted.  The Court advised petitioner he had failed to assert a ground that he is being held or confined in violation of the Constitution, law or treaties of the United States.  The Court further advised petitioner he had not asserted any ground which was ripe for review and had not shown he had suffered injury redressible in a 2255 proceeding.[1]  Petitioner was ordered to show cause why his case should not be dismissed for failure to state a claim for which relief could be granted.

On June 23, 2014, petitioner filed a "Memorandum of Points and Authorities" stating:

> Defendant has a Constitutional issue with applying for Citizenship in the First Amendment "for the pursuit of happiness" to work, pay taxes, and raise his family in better living conditions for the pursuit of happiness.  Federal Law title 8 U.S.C.S. § 1229b allows the Defendant to apply for Citizenship in the United States of America. Supreme Court Ruling, Varteias v. Holder, 80 U.S.L.W. 1338 (U.S. 2012), allows Defendant to challenge his sentence and deportation.  This Honorable Court has Jurisdiction under Title 8 U.S.C. § 1421.

By this supplement, petitioner again does not allege any constitutional deficiencies with his conviction or sentence, nor does he identify any relief he is seeking.  Further, the statutory and case law authorities he cites are not relevant.

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence:  (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28

---

[1]For an issue to be ripe for adjudication, a defendant must show that he "will sustain immediate injury," and "that such injury would be redressed by the relief requested."  *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 81, 98 S.Ct. 2620, 2635, 57 L.Ed.2d 595 (1978).

U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  Moreover, "a collateral challenge may not do service for an appeal."  *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982).

Since petitioner has not alleged any grounds challenging the constitutionality of his federal conviction or sentence, nor has he attempted to set forth any factual basis to support any alleged error, but merely appears to be advising the Court of his intent to apply for United States citizenship at some point in the future, the motion to vacate should be dismissed.  Even construing petitioner's motion to vacate liberally, as this Court must, the motion fails to even remotely state any claim which would entitle him to federal relief.  Federal courts are authorized to summarily dismiss any petition that appears legally insufficient on its face.  *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994).  Such is the case here.  Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct  Sentence by a Person in State Custody" should be dismissed for failure to state a claim upon which relief can be granted.

II.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by petitioner JOSE LUIS MAXIMO-MENDEZ be, in all things, DISMISSED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this  30th  day of June 2014.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).